UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZAYTOON FAMILY GOVERNANCE, *acting by its Authorized Representative, Daheem: of the Richardson Family*, <br><br>Plaintiff, <br><br>v. <br><br>Michelle A. Cristello, *Deputy Commissioner of Child Support Enforcement*, et al., <br><br>Defendants. | CIVIL ACTION<br>NO. 25-40156-MRG |

**ORDER**
February 10, 2026

**GUZMAN, D.J.**

Plaintiff "Zaytoon Family Governance – Private Estate Trust" (the "Trust") brings this action under 42 U.S.C. § 1983 concerning the validity of a state court order of paternity, related child support orders, and the collection of child support payments by the Massachusetts Department of Revenue, Child Support Services Division ("DOR"). The complaint was filed by "Deheem: of the Richardson Family," who identifies himself as the "Authorized Representative of the Trust." The Trust's filings indicate that the individual against whom the paternity order issued is Daheem J. Richardson ("Richardson"). The defendants are Michele A. Cristello (Deputy Commissioner of DOR), Lisa Antonino (DOR Case Manager), and Sonya Shaffavel (DOR attorney). For the reasons set forth below, the Court DISMISSES this action.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

The Trust filed a motion for leave to proceed *in forma pauperis* signed by "Daheem: of the Richardson family Authorized Representative for Zaytoon Family "Governance 122

Canterbury Street – Private Estate Worcester, Massachusetts [Non-Domestic]." ECF No. 5. The motion is DENIED. The Trust (or any other artificial entity) cannot proceed *in forma pauperis*, even if the entity's representative cannot afford to pay the filing fee. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (stating that "only a natural person can qualify for treatment *in forma pauperis* under [28 U.S.C.] § 1915"). Further, in a federal court, a trust or any other artificial entity must be represented by licensed counsel. *See id.* at 201-202; Local Rule 83.5.5(c)

## II.     Dismissal of the Action

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court's "'obligation to inquire *sua sponte* into [its] jurisdiction over the matter' exists in every case." *Fideicomiso De La Tierra Del Cano Martin Pena v. Fortuno*, 604 F.3d 7, 16 (1st Cir. 2010) (quoting *Doyle v. Huntress, Inc.*, 419 F.3d 3, 6 (1st Cir. 2005)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Upon review of the Trust's filings, the Court concludes that it lacks jurisdiction over this action.

### A.     Claims for Relief

According to the Complaint and other documents submitted by the Trust, in August 2016, a justice of the Massachusetts Probate and Family Court entered a judgment declaring that Daheem J. Richardson is the father of a child born in 2004 and ordering Richardson to pay child support payments on a weekly basis. ECF No. 1-1 at 11-12. The Trust alleges that, at the time, Richardson was incarcerated and that the order was issued "without lawful service of process and

without any acknowledged paternity or verified evidence." Compl. ¶ 8. The Trust further claims that in September 2016, "while [Richardson] remained incarcerated, Cristello approved a Renewal Notice of Child support Lien with no -DNA or court-verified paternity record." *Id.* ¶ 12. In September 2025, "Cristello again signed and issued a Notice of Levy . . . to seize [Richardson's] property . . . after having received multiple sworn affidavits denying paternity and asserting lack of due process." *Id.* ¶ 13. The Trust claims that Antonino "processed, approved, and/or supervised the levy with full knowledge that paternity remained unverified and that prior sworn affidavits were rebutted." *Id.* ¶ 14. The Trust further alleges that "Shaffaval, as counsel, aided and directed the enforcement despite having constructive and actual notice that the underlying paternity determination was void ab initio for want of jurisdiction and due process." *Id.* ¶ 15. According to the Trust, it sent defendants "affidavits of non-consent, denial of paternity, notice of dishonor, and demand for due process," but the defendants "took no lawful corrective action and instead continued enforcement, thereby seizing property without hearing or judicial review." *Id.*¶¶ 16, 17.

The complaint is in four counts. In Count I, the Trust alleged that its right to procedural due process was denied because it was deprived of property "without lawful notice, opportunity to be heard, or adjudicated paternity." *Id.* ¶ 20. Count II is a claim for the violation of the right to substantive due process based on the defendants' enforcement of allegedly unverified paternity order. *Id.* ¶ 25. In Count III, the Trust alleges that the defendants retaliated against Richardson "for exercising his right to petition and serve lawful affidavits disputing jurisdiction, resulting in an unlawful levy dated September 20, 2025." *Id.* ¶ 26. The Trust maintains that "[s]uch retaliation constitutes viewpoint discrimination and violates the right to petition the government for redress of grievances." *Id.* ¶ 27. In Count IV, the Trust seeks "prospective relief

3

declaring Defendants' continued enforcement unconstitutional, and an injunction prohibiting future levies or seizures absent judicial due process and paternity determination." *Id.* ¶ 28.  In the prayer for relief, the Trust asks that the Court declare that the defendants' conduct violated the Due Process Clause of the Fourteenth Amendment, enjoin the defendants from enforcing the levy "or any subsequent levy absent paternity determination and judicial process," and award damages.  *Id.* at 5.

### B.    Discussion

Congress has given the United States Supreme Court jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State" where the judgment in question concerns federal law.  28 U.S.C. § 1257(a).  This jurisdiction is "exclusive" to the Supreme Court. *Lance v. Dennis*, 546 U.S. 459, 463 (2006).  "Accordingly, under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Id.*; *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The idea is that . . . the only federal court with statutory jurisdiction to review a state court's decision is the Supreme Court, and 'an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.'" *Tyler v. Supreme Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Rooker*, 263 U.S. at 416).  "The *Rooker-Feldman* doctrine bars jurisdiction 'only in the limited circumstances where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"  *Id.* (quoting *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 23-24 (1st Cir. 2005)).

Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to adjudicate this action. The heart of the Trust's claim is that the paternity and child support order against Richardson is invalid because it was issued in violation of his right to due process. The Trust asks this Court to review and reject the order on that basis. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to do so.[1]

## III.   Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is DENIED.

2. The motion for a preliminary injunction is DENIED.

3. This action is DISMISSED without prejudice.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2026

---

[1] To the extent the Trust's claim for retaliation is not barred by the *Rooker-Feldman*, doctrine, the allegations of retaliation fail to state a claim upon which relief may be granted. The complaint does not plausibly plead that, but for Richardson's "exercising his right to petition and serve lawful affidavits disputing jurisdiction," the defendants would have not issued the levy. *See Gattineri v. Town of Lynnfield, Mass.*, 58 F.4th 512, 514 (1st Cir. 2023) (stating that, to succeed on a First Amendment retaliation claim, a plaintiff must show that the defendants " 'retaliatory animus' was the 'but-for' cause of [the plaintiff]'s injuries, 'meaning that the adverse action against [him] would not have been taken absent the retaliatory motive'" (second alteration in original) (quoting *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019))).